UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| LARISSA FAYE BARCLAY | ) CASE NO. 15-61719-PMB |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. As unsecured creditors will receive less than in a Chapter 7 liquidation, the Plan does not conform to 11 U.S.C. Section 1325(a)(4).

2. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

3. Pursuant to Debtor's testimony, the affidavit regarding pay advices filed by the Debtor is inaccurate, in violation of 11 U.S.C. Section 521(a)(1)(B)(iv).

4. The Chapter 13 Plan fails to specify whether the Debtor is paying the Adequate Protection payments direct to the creditors or through the Chapter 13 Plan, preventing the Trustee from properly administering the Plan.

5. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

6. The Chapter 13 Plan fails to provide complete information on the treatment of the claim of Plaza Home Mortgage, preventing the Trustee from properly administering the plan.

7. The schedules provide that Summit Financial Corporation has a secured or priority claim, however, the Chapter 13 Plan fails to provide for said creditor, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8.     Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2014.

9.     In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $2956.00 per month employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

10.    The funding of post-petition mortgage installments have not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

11.    The Chapter 13 petition fails to include all medical and utility unsecured debt, in violation of Bankruptcy Rule 1007(a) (1) and 11 U.S.C. Section 1325(a)(3) and 1325(a)(7).

12.    The Chapter 13 budget reflects a monthly disposable income of only $348.00; thereby, rendering the proposed Chapter 13 plan payment of $2640.00 per month infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

13.    Debtor's Statement of Financial Affairs is mostly blank; the Trustee is unable to fully evaluate good faith and feasibility of the proposed Plan. 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), and/or 1325(a)(7).

14.    The Chapter 13 Plan fails to provide a dividend percentage to be remitted to the unsecured creditors; thereby, indicating a lack of good faith in proposing a repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

15.    The Trustee objects to the exemption of $80,000.00 claimed for the family home. The Debtor fails to list a code citation to support the exemption, and the amount exceeds any allowed exemption limit.

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jonathan S. Adams
Jonathan S. Adams
GA Bar No. 979073
Attorney for Chapter 13 Trustee

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| Larissa Faye Barclay ) | CASE NO.: 15-61719-PMB |
| ) | |
| DEBTOR. ) | |

15-61719-PMB  **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    Larissa Faye Barclay
    877 Dolly Ave SW
    Atlanta, GA  30331

    DEBTOR(S) ATTORNEY:
    PRO SE

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, August 19, 2015

/s/ _____
Jonathan S. Adams
GA Bar No. 979073
Attorney for Adam M. Goodman, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450